### JEAN CHISHOLM V. JOSEPH C. SHIELDS, TR.

**1. ANNUITY MUST BE A PERSONAL OBLIGATION.**

An annuity must be a personal obligation and not payable out of any specific fund; and, *prima facie*, it is held to be such unless the instrument creating it plainly indicate a different intent.

**2. RULES APPLIED—WIFE'S ANNUITY.**

Under a will bequeathing to testator's wife " in lieu of all dower, the sum of $8,000 annually for and during the term of her natural life," with directions to pay the legacy in quarterly installments, with the further provision " for the payment of my wife's legacy I desire that a sufficient amount of my personal estate, either of stocks, bonds or money, shall be used to purchase government bonds, or equally good bonds, of such amount that the interest thereon shall be sufficient to pay the quarterly installments of $2,000," if accepted by the widow, creates a pure annuity.

**3. RULE AS TO CONSTRUCTION OF STATUTES.**

Statutes should be construed together so far as they are material to each other. If other provisions of a law cover the question, the leaving out of a portion of a sentence or the transposition of words in the revision of a law, does not necessarily call for a different interpretation. It must plainly appear that the legislature intended a change; otherwise the same construction must be given to the statute as revised as that which had obtained previous to the revision.

**4. ANNUITIES ARE TAXABLE.**

Under the foregoing rules, where the legislature in a revision of the statutes omitted annuities from the definition of the word "credits," it cannot be held that it was thereby intended to exempt that class of property from taxation if they are referred to as subjects of taxation in other sections of the statute.

**5. PURPOSE IN OMITTING ANNUITIES FROM "CREDITS."**

The purpose of the legislature in omitting annuities from the definition of the word " credits " in sec. 2730, Rev. Stat., was evidently to prevent that class of property from being made subject to the offset of legal claims or debts, as such property should not be subject to such deductions.

**6. SURRENDER OF DOWER FOR ANNUITY—AN INVESTMENT.**

Where a widow surrenders her dower interest in, and distributive share of, her husband's estate in consideration of an annuity, she thereby becomes an " investor " in such annuity within the meaning of the statute relating to the taxation of that class of property. She is a purchaser, and the annuity is in no sense a gift by way of a legacy.

**7. NOT DOUBLE TAXATION.**

The taxation of such annuity does not require the annuitant to pay a tax upon the property which she gave to produce the annuity and is not double taxation.

**NOT A TAX ON GOVERNMENT BONDS.**

Taxation of such an annuity, based upon government bonds, does not involve the question of taxation of that class of property. Annuitant is not, under the will in question, an owner of the bonds.

APPEAL.

*Williamson & Cushing*, for plaintiff.

*Kaiser & Taft*, for defendant.

LAUBIE, J.

The case of Jean Chisholm against Joseph C. Shields, treasurer of Cuyahoga county, Ohio, is here upon appeal. It is brought for the purpose of enjoining the treasurer from the collection of taxes assessed against the plaintiff on what is denominated an annuity. The question before us is upon a motion by the plaintiff for judgment upon the pleadings, and does not, therefore, involve trial on the facts of the case.

The question arises out of the will of the deceased husband of Mrs. Chisholm, and all the provisions of it perhaps that is necessary to notice is contained in the petition of the plaintiff.

The will provides as follows:

"I give to her, my wife, in lieu of all dower, the sum of $8,000 annually for and during the term of her natural life, and I hereby direct my executors to pay this legacy to my said wife in equal quarterly installments from the day of my death."

And subsequently this provision occurs in another part of the will:

"I desire to have my last will and testament carried out in the following manner, to-wit: for the payment of my wife's legacy I desire that a sufficient amount of my personal estate, either in stocks, bonds or money, shall be used to purchase government bonds, or equally good bonds, of such an amount that the interest thereon shall be sufficient to pay the quarterly installments of $2,000, and that the same shall be paid to her promptly upon the very day they shall fall due."

It is to be assumed from the condition of this case and the arguments, that Mrs. Chisholm accepted the provisions of this will, and that she has been in receipt of this specified sum of $8,000 yearly for a number of years, five of which the auditor has determined she should pay taxes upon the annuity, and thus entered it up under Sec. 2781 R. S.

At the outset, it would be proper to ascertain what is an annuity, and to determine whether this is an annuity. An annuity is defined to be a specific sum stipulated to be paid in fee or for life or for years at stated times, and chargeable only on the person of the grantor. That is, it must be a personal obligation and not payable out of any specific fund. And *prima facie* it is held to be such, unless the instrument creating it plainly indicates a different intent, that it is not a personal obligation or designed to be such, but is payable, or to be payable, out of a specific fund; and it may arise either by gift or by purchase.

In this case it seems that there is a specific sum to be paid of $8,000 a year, $2,000 quarterly, and from the terms of its creation, or of the contract between the parties by which it is created, it is evident that it is a personal obligation chargeable upon the person of the grantor only, and is not to be paid out of any specific fund, because he gives it to her in lieu of dower absolutely, in the first place; and secondly, thereafter in his will he directs his executors how and in what manner they shall obtain money with which to pay it, and in what manner they shall make it so that the money is always at hand with which to pay it; that they shall take sufficient of his estate and purchase bonds to the amount of $200,000, sufficient always so that the interest thereon will pay or equal the amount to be paid to his widow of $8,000 per year.

It is evident, therefore, that it is a charge upon his personal estate and therefore a personal obligation, and it is not payable out of any special fund. Because, if this fund should prove unavailable by reason of the deterioration in the value of these bonds or interest due upon them,

so that there would not be sufficient from that source to pay the $8,000, she might have recourse against the whole body of the estate, or the executor of that estate, for the balance. Or, if the rest of the estate had passed out of the hands of the executors, she might look to the principal, the bonds themselves, to make up any deficiency in payment of the $8,000 to her. So that it clearly is not a sum payable out of any specific fund only, but it is a charge on his estate, and, therefore, a personal obligation. It is technically and truly a pure annuity, and one purchased by her. It was not a gift, but an annuity purchased by her. It was one created by contract, as it were, between her and her husband. She was not obliged to accept this, but might have rejected it and sought her interest in his estate as provided for by law. Her dower interest and her distributive share of his estate, by force of her election to take under the will, is what she relinquished and gave up for this annuity. She paid a consideration for it, a valuable money consideration.

It is evident in whatever aspect we look at it, that this was the creation of a pure annuity ; and now is it taxable as such under the laws of this state? It is claimed that it is not now taxable; that under the old constitution and the act of 1846, annuities were taxable, but that they are not now.

The contention is that the present statute is entirely different from the statute of 1846 under which Wetmore v. State, 18 Ohio, 77, was decided, the syllabus of which is: "A sum of money certain, to be received annually, and at stated periods, is, within the meaning of the tax law of 1846, an annuity, unless the same be receivable as a pension, a salary, or as compensation for labor or services, subsequently to be performed."

Counsel for the plaintiff say that this case, was not only decided under an entirely different statute from the present, but under the old constitution of the state, which did not provide for uniformity in taxation. And they call our attention to the fact that annuities, under the act of 1846, was especially enumerated under the head of credits.

Section 1, of that act, provided—"That all property, whether real or personal, within this state, and the money and credits of persons residing therein, except such as is hereinafter expressly exempted, shall be subject to taxation ; and such property, money and credits, or the value thereof, shall be entered on the lists of taxable property, for that purpose, in the manner prescribed by this act."

In the next session, the general assembly proceeded to give a definition of the terms used in the act. In the fifth section it declared that the term "credits," wherever used in this act, shall be held to mean or include every claim or demand for money, labor or other valuable thing due or to become due, and every annuity or sum of money receivable at stated periods, and all money invested in property of any kind, which is secured by deed, or mortgage, or otherwise."

Credits within the meaning of the act therefore were: 1. "Every claim or demand for money, labor, or other valuable thing 'due or to become due.' 2. 'Every annuity or sum of money receivable at stated periods.' 3. 'All money invested,'" etc.

And in the case cited, it was held that under that provision "a sum of money receivable at stated periods " was substantially the same thing as an annuity, or considered so by the legislature. But it is said that that case does not apply to, and can not govern this case, because the present statute does not describe "credits" to mean "an annuity or

sum of money receivable at stated periods.;" that this portion of the statute is left out of the revision in the definition of the term "credits."

A change of phraseology, however, or a transposition of words in the revision of a law, does not necessarily call for a different interpretation. It must plainly appear that the legislature intended a change, otherwise the same construction must be given to the statute as revised that had obtained previous to the revision. And if we find that in the present statute, while the phraseology may be different, annuities are classed under a different head, then in leaving out annuities from the definition of credits, it would be clear that the legislature did not mean and intend to exempt annuities from taxation. That is precisely the case we have here.

Section 2730, Rev. Stat., defines the particular terms, or some of the particular terms, used in title 13, relating to taxation; and it does not include in the term "credits," annuities or monies receivable at stated periods."

In that respect the two statutes are different, and in that respect counsel is correct in saying that in the definition of "credits" in the revision, annuities are left out.

But we are not to look simply to one section of the title which relates to taxation. We are to take all of the sections that relate to the same subject-matter, and which may elucidate and explain in one section that which has been named in others; so that by a comprehensive view of all we may obtain the meaning and intention of the legislature.

Section 2731, Rev. Stat., gives a statement of the property which is subject to taxation, and I read but the first sentence:

"All property, whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits and investments shall be entered on the list of taxable property as prescribed in this title."

So that, so far as the subjects of taxation are concerned, the legislature attempted in this section to give us a general grasp or comprehension of it, and it is all real or personal property in this state.

We might halt here and ask if any one thinks an annuity is not personal property? But we proceed farther. The section specifically enumerates "all moneys, credits, investments in bonds, stocks or otherwise." Of course the term "or otherwise," so far as it comprehends other things, must be confined to those of a somewhat similar character to those specifically named, not to those absolutely similar, but those somewhat similar—other investments. So that we have here a generic term which covers other investments of a somewhat like character, to those named, and is a term that may very well include annuities, and as subsequently explained in other sections we think does.

Section 2734 provides who shall list taxable personal property:

"Every person of full age and sound mind shall list the personal property of which he is the owner."

Section 2736 provides what property is to be listed as follows:

"Each person required to list property shall, annually, upon receiving a blank for that purpose from the assessor, or, within five days thereafter, make out and deliver to the assessor, a statement, verified by his

oath, * * * of all the personal property, moneys, credits, investments in bonds, stocks, joint stock companies, annuities or otherwise, in his possession or under his control."

So that the legislature here explains that by the term "or otherwise" in §2731, it meant to include an investment in a joint stock company and an annuity, and the owner is required to list them for taxation.

Again, sec. 2737 provides what that statement shall contain, and in what order. That it shall truly and distinctly set forth amongst other things, "the amount, of credits as hereinbefore defined," and "the amount of all moneys invested in bonds, stocks, joint stock companies, annuities or otherwise."

And now we, perhaps, can grasp the reason why "investments in annuities" was not defined to be a credit in the statute as revised. Credits are subject to what may be termed "off-sets." The taxpayer has the right in making his return to deduct his legal debts, those which may be enforced against him, from the amount of his just credits. And there might come a difficulty, if the definition of "credits," were still to include annuities or moneys receivable at stated periods. It might well be claimed that being defined and specified by the legislature to be credits, they were subject to these deductions, while justly an annuity ought not to be subject to such deductions, but the true value of it assessed against the owner.

And so annuities are taken out of the definition of credits in the revision and placed in another class, the fifteenth, so that there may be no claim or right on the part of the owner thereof to deduct his liabilities from the amount thus invested.

So, we say the reason why the change was made to which our attention is called, was not for the purpose of exempting annuities from taxation, but so that there might be no possible show of deducting legal credits from that class of personal property.

Then in sec. 2739 where the rule is given for the valuation of personal property, it is provided that "annuities, or moneys receivable at stated periods, shall be valued at the sum which the person listing the same believes them to be worth in money at the time of listing."

The legislature intended, therefore, to tax annuities and to compel the owner thereof to return them for taxation, and it has established a method by which the value of these annuities shall be determined for taxation. Therefore, we cannot agree to the contention of counsel, that under the law in force at the time this annuity was created and when it was placed upon the tax duplicate for taxation, annuities were not taxable. They were and have been taxable ever since the revision referred to, under the plain terms and provisions of the law.

It is perhaps unnecessary to notice further the question whether or not Mrs. Chisholm had made the investment, or whether the annuity was a mere gift to her by way of a legacy. While this might be immaterial it is evident that it was her property, that which the law gave to her upon the death of her husband, her dower interest and her distributive share in his estate she gave in consideration for this annuity. She, therefore, was the investor; she invested the money which brought this sum to her annually.

And this is in no sense, either, a case of double taxation as to the plaintiff. It is simply requiring the annuitant to pay a tax substantially upon the amount of property that she gave to produce the annuity.

It is like the taxing of money invested in mortgages, and also taxing the income, while compelling the mortgagor to pay taxes on the property mortgaged and the money borrowed.

Certainly she was not required to pay taxes on the estate of the decedent. Her annuity was not payable out of any specific fund. It was a charge simply upon the general estate, and while the executor may be compelled to pay taxes upon the general estate, that does not make it a case of double taxation or exacting payment twice for the same thing any more than in the case of a mortgage. Nor does this present a case of taxation upon United States bonds. That, of course, may arise with the executors, whether or not they are required to pay taxes upon these bonds, but it is not a matter in which Mrs. Chisholm has any interest, as none of these bonds belong to her. She has no claim upon them at all of any character, except as a part of the estate. If the estate should fail to pay the amount of $8,000 out of the interest, she could look to the principal, but as an owner of the bonds, she has no interest, and therefore, the amount she has to pay cannot be regarded as a tax upon United States bonds.

On the whole, we think the motion for judgment upon the pleadings by the plaintiff should be overruled, and the case be left to be determined or tried hereafter upon the questions of fact involved in it, that can not be disposed of here on this motion.